IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| GSE ENVIRONMENTAL, INC., et al., | ) | Case No. 14-11126 (MFW) |
| | ) | Jointly Administered |
| Debtors. | ) | |
| | ) | |
| ─────────────────────── | ) | |
| | ) | |
| GSE ENVIRONMENTAL, INC., and GSE HOLDING, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No. 16-50377 (MFW) |
| | ) | |
| CHARLES A. SORRENTINO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ─────────────────────── | ) | |

## MEMORANDUM OPINION[1]

Before the Court is a Motion for Judgment on the Pleadings filed by GSE Environmental, Inc., and GSE Holding, Inc. (the "Debtors") seeking a declaration that the claim filed by Charles Sorrentino (the "Defendant") constitutes an equity security. For the reasons set forth below, the Debtors' Motion will be granted.

## I.   BACKGROUND

The Defendant began serving as the Debtors' interim president and chief executive officer on July 1, 2013. (Adv.

───────────────

[1] This Memorandum Opinion constitutes the findings of fact and conclusions of law of the Court pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

D.I. 1 at 1.)  Under the parties' original employment agreement, the Defendant earned a base salary of $186,000 per month payable in cash.  (Id. at 4.)  In August 2013, the parties amended the employment agreement to provide that $100,000 of Defendant's monthly compensation would be payable in cash and $86,000 payable in company stock.  (Id.)  Although the Defendant received the full cash portion of his compensation under the amended employment agreement, the stock-based component remains unpaid. (Id. at 5.)

On May 4, 2014, the Debtors filed chapter 11 bankruptcy petitions.  On July 25, 2014, the Court confirmed the Debtors' chapter 11 plan of reorganization.  (D.I. 316.)

The Defendant filed a proof of claim seeking $260,866.67 from the unpaid stock-based portion of his compensation.  On March 18, 2016, the Debtors filed a complaint seeking a declaration that the Defendant's claim is not a general unsecured claim or, alternatively, that the claim should be subordinated under section 510(b).  (Adv. D.I. 1.)  The Debtors filed an amended complaint on March 25, 2016.  (Adv. D.I. 6.)  The Defendant filed an answer to the amended complaint on May 10, 2016.  (Adv. D.I. 8.)  On May 25, 2016, the Debtors filed a Motion for Judgment on the Pleadings.  (Adv. D.I. 12.)  A notice of completion of briefing on that motion was filed on June 24, 2016, and the matter is now ripe for decision.  (Adv. D.I. 25.)

II.  JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding.  28 U.S.C. §§ 1334(b) & 157(b)(1).  The Court may enter a final order in proceedings concerning claim allowance.  Stern v. Marshall, 131 S. Ct. 2594, 2611 (2011).

III. DISCUSSION

A.  Standard of Review

Rule 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  When a plaintiff moves for judgment on the pleadings, "[u]nder Rule 12(c), judgment will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.  In reviewing the grant of a Rule 12(c) motion, [a court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the non-moving party."  Jablonski v. Pan Am. World Airways, Inc., 863 F.2d 289, 290-91 (3d Cir. 1988) (internal quotation marks and citations omitted).  If a defendant moves for judgment on the pleadings, a court applies the standard for failure to state a claim under Rule 12(b)(6).  See Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991).

B.    <u>Equity Security</u>

The Debtors contend that the amount owed for the share-based component of the Defendant's compensation constitutes an equity security.  The Defendant disagrees, contending that the amounts owed should be characterized as a general unsecured claim.

The Bankruptcy Code defines "equity security" to encompass "warrants or rights . . . to purchase, sell . . . a share, security, or interest" in a corporation.  11 U.S.C. § 101(16)(A),(C).  Common stock received in exchange for labor constitutes a purchase and sale of a security under the Code.  <u>Frankum v. Int'l Wireless Commc'ns Holdings, Inc. (In re Int'l Wireless Commc'ns Holdings, Inc.)</u>, 279 B.R. 463, 467 (D. Del. 2002) ("That Appellants received the Debtors' stock as part of a compensation package does not preclude the transfer from being characterized as a purchase/sale of the Debtors' stock."); <u>In re Touch America Holdings, Inc.</u>, 381 B.R. 95, 104 (Bankr. D. Del. 2008) (adopting a broad reading of the term "purchase" and noting that "stock given to an employee as compensation nonetheless involves a 'bargain and exchange of value'").  An entity asserting an equity interest is not a creditor and does not have a "claim" under the Code.  <u>In re Lehman Bros. Holdings Inc.</u>, 519 B.R. 47, 66 (Bankr. S.D.N.Y. 2014), aff'd, 548 B.R. 663 (S.D.N.Y. 2016) (citation omitted).

The Defendant contends that the value of stock owed to him constitutes a claim because the stock component of his

4

compensation was calculated as a fixed dollar amount rather than a fixed number of shares.  The Court disagrees.  Although the quantity of stock owed to the Defendant under the amended employment agreement was based on a fixed dollar amount, the fact remains that the agreement entitled the Defendant only to company stock, not cash.  See Nantahala Capital Partners, LP v. Wash. Mut., Inc. (In re Wash. Mut., Inc.), 464 B.R. 656, 666-68 (Bankr. D. Del. 2012).  Further, the stock rights received under the amended employment agreement constitute a purchase and sale of a security because they were given in exchange for the Defendant's labor.  Touch America, 381 B.R. at 104.  Therefore, the Court concludes that the Defendant's stock-based compensation fits squarely within the Code's definition of equity security.  See 11 U.S.C. § 101(16).  For the foregoing reasons, the Courts finds that the unpaid stock-based compensation constitutes an equity security.


IV.   CONCLUSION

    For the reasons set forth above, the Debtors' Motion for Judgment on the Pleadings will be granted.

    An appropriate Order follows.


Dated: July 18, 2016                    BY THE COURT:

                                        Mary F. Walrath
                                        United States Bankruptcy Judge